**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

_____

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

June 8, 2010

Office of the Clerk
U.S. District Court
1100 Commerce #1452
Dallas TX 75242

3:10-mJ-172-BD



| | |
|---|---|
| Case Name: | US-v-Alan Todd May |
| Case Number: | 3:10-70464 MAG |
| Charges: | 18:1343 Wire fraud |

Dear Clerk:

The above charges originated in your district and the defendant has appeared before U.S. Magistrate Judge James Larson. The following action has been taken:

(X) The U.S. Marshal has been ordered to remove this defendant to your district forthwith.

( ) The defendant has a court appearance in your court on:

Enclosed are the following documents:
original Rule 40 affidavit
original minute orders
certified copy of *AO 94, Commitment to Another District*

Please acknowledge receipt of the documents on the attached copy of this letter and return in the envelope provided.

Sincerely yours,

RICHARD WIEKING, Clerk

by: Lori Murray
Case Systems Administrator

Enclosures
cc: Financial Office

---

**Receipt of the above-described documents is acknowledged herewith and assigned case number:**

_____

Date: _____

CLERK, U.S. DISTRICT COURT

By _____
Deputy Clerk

AO 94 (Rev. 01/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
Northern District of California

**FILED**

JUN - 7 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 3-10-70464 JL |
| ) | |
| ALAN TODD MAY ) | Charging District's |
| *Defendant* ) | Case No. 3:10-MJ-172 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the **Northern** District of **Texas**.

The defendant may need an interpreter for this language: **none**.

The defendant: ☐ will retain an attorney.

              X is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: Jun 7, 2010

_____
*Judge's signature*

Joseph C. Spero, United States Magistrate Judge
*Printed name and title*

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Date 6/8/10 Deputy Clerk

| DOCUMENTS UNDER SEAL ☐ | | TOTAL TIME (mins): 4 | | |
|---|---|---|---|---|
| **MAGISTRATE JUDGE MINUTE ORDER** | DEPUTY CLERK<br>Frank Justiliano | REPORTER/FTR<br>10:02 - 10:06 | | |
| MAGISTRATE JUDGE<br>JOSEPH C. SPERO | DATE<br>June 7, 2010 | NEW CASE<br>☐ | CASE NUMBER<br>3-10-70464 JL | |

| APPEARANCES | | | | | |
|---|---|---|---|---|---|
| DEFENDANT<br>Alan Todd May | AGE | CUST<br>Y | P/NP<br>P | ATTORNEY FOR DEFENDANT<br>Rita Bosworth | PD. ☒ RET. ☐<br>APPT. ☐ |
| U.S. ATTORNEY<br>Rob Reese for Tarek Helou | | INTERPRETER<br>none | | ☒ FIN. AFFT SUBMITTED | ☐ COUNSEL APPT'D |
| PROBATION OFFICER | PRETRIAL SERVICES OFFICER<br>Gelareh Farahmand | | DEF ELIGIBLE FOR ☐<br>APPT'D COUNSEL | | PARTIAL PAYMENT ☐<br>OF CJA FEES |

| PROCEEDINGS SCHEDULED TO OCCUR | | | | |
|---|---|---|---|---|
| ☒ INITIAL APPEAR<br>Rule 5 | ☐ PRELIM HRG | ☐ MOTION | ☐ JUGM'T & SENTG | ☐ STATUS |
| ☐ I.D. COUNSEL | ☐ ARRAIGNMENT | ☐ BOND HEARING | ☐ INITIAL APPEAR<br>REV PROB OR S/R | ☐ OTHER |
| ☐ DETENTION HRG | ☐ ID / REMOV HRG | ☐ CHANGE PLEA | ☐ PROB. REVOC. | ☐ ATTY APPT HEARING |

| INITIAL APPEARANCE | | | |
|---|---|---|---|
| ☒ ADVISED OF RIGHTS | ☒ ADVISED OF CHARGES | ☒ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |

| ARRAIGNMENT | | | |
|---|---|---|---|
| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |

| RELEASE | | | | |
|---|---|---|---|---|
| ☐ RELEASED ON O/R | ☐ ISSUED APPEARANCE BOND | AMT OF SECURITY<br>$ | SPECIAL NOTES | ☐ PASSPORT SURRENDERED DATE: |
| PROPERTY TO BE POSTED<br>☐ CASH  $ | | CORPORATE SECURITY ☐ | | REAL PROPERTY: ☐ |
| ☐ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☐ DETAINED  ☐ RELEASED | ☒ DETENTION HEARING AND FORMAL FINDINGS WAIVED & ID Hearing | ☒ REMANDED TO CUSTODY |
| ORDER REMOVED TO THE DISTRICT OF  Northern District of Texas | | | | |

| PLEA | | | |
|---|---|---|---|
| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

| CONTINUANCE | | | | |
|---|---|---|---|---|
| TO: | ☐ ATTY APPT HEARING | ☐ BOND HEARING | ☐ STATUS RE: CONSENT | ☐ STATUS / TRIAL SET |
| AT: | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING OR ARRAIGNMENT | ☐ CHANGE OF PLEA | ☐ OTHER |
| BEFORE HON. | ☐ DETENTION HEARING | | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY / REMOVAL HEARING | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP REV. HEARING |

**ADDITIONAL PROCEEDINGS**

Commitment order to Northern District of Texas is signed.

cc:Venice,

DOCUMENT NUMBER:

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division
4
5  TAREK J. HELOU (CABN218225)
   Assistant United States Attorney
6
7  450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
8  Fax: (415) 436-7234
   E-Mail: Tarek.J.Helou@usdoj.gov
9
   Attorneys for the United States
10

FILED
JUN 4 - 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

3   10   70464   JL

| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NOTICE OF PROCEEDINGS ON |
| v. | ) | OUT-OF-DISTRICT CRIMINAL |
| | ) | CHARGES PURSUANT TO RULES |
| ALLAN TODD MAY, | ) | 5(c)(2) AND (3) OF THE FEDERAL RULES |
| | ) | OF CRIMINAL PROCEDURE |
| Defendant. | ) | |
| | ) | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on June 4, 2010, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an

☐ Indictment

☐ Information

X Criminal Complaint

☐ Other (describe) _____

pending in the Northern District of Texas, Case Number 3:10-MJ-172.

1

In that case, the defendant is charged with a violation of 18 U.S.C. § 1343.

Description of Charges: The defendant was responsible for an approximately $7.2 million oil & gas Ponzi scheme with 175 investors. The defendant used his company, Prosper Oil & Gas, in this scheme, which went on for almost two years.

Date: 6/4/10

Respectfully Submitted,
JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

TAREK J. HELOU
Assistant U.S. Attorney

United States District Court

__NORTHERN__ DISTRICT OF __TEXAS__

UNITED STATES OF AMERICA

V.

ALAN TODD MAY

CRIMINAL COMPLAINT

CASE NUMBER: 3:10-MJ-__172__

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 25, 2008 through on or about March 2, 2010, in Dallas County, in the Northern District of Texas defendant did,

> with the intent to defraud, devise a scheme to cause interstate wire transfers of monetary funds from victim Jon Pope's bank/brokerage accounts to defendant ALAN TODD MAY's bank/brokerage accounts,

in violation of Title 18 United States Code, Section 1343.

I further state that I am a Special Agent of the United States Secret Service and that this complaint is based on the following facts:

> See attached Affidavit of Special Agent Christopher S. Walker which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   XX Yes   No

_____
Signature of Complainant
CHRISTOPHER S. WALKER
SPECIAL AGENT, U.S. SECRET SERVICE

Sworn to before me and subscribed in my presence, on this __13th__ day of __May, 2010__, at Dallas, Texas.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT

I, **Christopher S. Walker**, having been duly sworn, depose and state the following, which I believe to be true and correct to the best of my knowledge:

Between on or about April 25, 2008 through on or about March 2, 2010, in the Dallas Division of the Northern District of Texas, the defendant, ALAN TODD MAY, aka TODD MAY, did, with intent to defraud, devise a scheme to cause interstate wire transfers of monetary funds from victim Jon Pope's bank/brokerage accounts to bank/brokerage accounts controlled by defendant ALAN TODD MAY, in violation of 18 U.S.C § 1343 (Wire Fraud).

Counts:

A. On or about May 1, 2008, victim Jon Pope wired $17,500 from his Peoples State Bank account #XX1444, located in Colby, Kansas, into defendant ALAN TODD MAY's E-Trade account #XXXX3672, located in Merrifield, Virginia, at the direction of ALAN TODD MAY, through his company, Prosper Oil & Gas, located in Dallas, Texas, for the purchase of oil royalties as part of a Ponzi scheme.

B. On or about October 16, 2008, victim Jon Pope wired $50,000 from his Entrust IRA account #XXXX8062, located in Lafayette, Colorado, into a Bank of America account #XXXXXXXX1585 controlled by defendant ALAN TODD MAY, located in Dallas, Texas, at the direction of ALAN

Affidavit – Page 1

TODD MAY, through his company, Prosper Oil & Gas, located in Dallas, Texas, for the purchase of oil royalties as part of a Ponzi scheme.

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Secret Service (USSS), currently assigned to the Dallas Field Office, Financial Crimes Unit. I have participated in a variety of fraud investigations ranging from simple single-party investigations to complex conspiracies. I have testified in court concerning identity theft and fraud schemes. In addition to my ten years of first-hand law enforcement experience (five years as an officer with the Dallas Police Department and five years as a Special Agent), I have attended DHS/USSS training regarding the methods and techniques used by individuals to defraud victims using various fraud schemes. I have also received training regarding the money laundering commonly associated with fraud schemes and the seizure of assets from that activity. I am tasked as the Asset Forfeiture Coordinator for the USSS Dallas Field Office.

2. The statements contained in this affidavit are based on my personal knowledge or from information that I have learned in the course of my investigation, including information from financial institutions, government agencies, witnesses, and others participating in the investigation. This affidavit does not purport to set forth all of my knowledge or investigation concerning this case. I have set forth only those facts that I believe are necessary to establish probable cause to arrest ALAN TODD MAY ("Alan May") for violations of 18 U.S.C. §1343 (Wire Fraud):

3. On December 24, 2009, the USSS Dallas Field Office received a call from Neil Baker and Jamie Burud, investigators with Texas Capital Bank, Dallas, Texas, regarding suspect Alan May, a principal of Prosper Oil & Gas, Inc. (a/k/a Prosper Energy, Inc.). Investigator Burud stated that on December 22, 2009, an employee of Prosper Oil & Gas, later identified as Dawn Dandridge, attempted to deposit a $100,000 check into the corporate account of Prosper Oil & Gas. The subject check (#121), bearing Alan May's signature, was returned because it was issued from a closed account held at T. Rowe Price. Investigator Burud also stated that Alan May issued check #122 from the same T. Rowe Price account, and that she anticipated that this check also would be returned. Investigator Burud informed me that she conducted "on-line" research of Alan May and discovered that Alan May had multiple convictions for fraud, credit card abuse, and issuance of bad checks.

4. On December 28, 2009, I met with Jamie Burud at Texas Capital Bank, 2000 McKinney Ave, Ste #700, Dallas, Texas. Burud stated that the second check issued by Alan May, check #122, was, in fact, returned on the closed T. Rowe Price account. Burud also stated that Prosper Oil & Gas, located at 325 North Saint Paul, Suite #1280, Dallas, Texas, buys and sells interest in oil rights in Texas, Colorado, and Oklahoma. After learning of the two returned checks and the criminal history of Alan May, Burud believed that Alan May and Prosper Oil & Gas may be defrauding investors by "cash kiting" the investments.

## BACKGROUND OF PROSPER OIL & GAS AND ALAN MAY

5. From December 28, 2009 to December 31, 2009, I conducted database record searches on Prosper Oil & Gas, and a criminal record search of Alan May. Records show that Prosper Oil & Gas was formed on April 25, 2008. Alan May and Benjamin Benavidez, both addressed at 3200 Thomas Ave #H, Dallas, Texas, were listed as the two directors of the company.

6. A NCIC/NLETS criminal database search revealed that since 1983, Alan May has had six theft by check convictions, two credit card abuse convictions, and two theft convictions. Alan May is currently on Texas state parole related to the multiple felony convictions. An internal USSS records search revealed that Alan May was arrested on November 27, 2002, for issuance of bad check by the USSS Houston Field Office, related to an investment scheme. I also found an article in BusinessWeek, dated October 23, 1995, describing a scheme in which Alan May used the Harris County jail telephone, while an inmate in the jail, to lure unsuspecting exhibitors for a "Women's Business & Health" show to pay him $600 to $2,000 for space in the fictitious expo. Alan May solicited investors in the scheme by running ads in the Wall Street Journal and The Dallas Morning News.

7. On December 30, 2009, I spoke to Investigator Sheila Weigand, Texas Railroad Commission, who has been an investigator of the oil and gas well industry for over 30 years. Investigator Weigand stated that Prosper Oil & Gas operates 28 oil wells on seven

leases and two gas wells in San Angelo, Texas. Investigator Weigand sampled one lease, Cowden F, located in Ector County, Texas. Investigator Weigand reported that out of nine wells subject to the lease, only seven were producing oil, and according to the production report, Prosper Oil & Gas produced 263 barrels of oil in September 2009, the most recent reported month. At that rate (seven wells producing 263 barrels of oil in a 30-day period), each well only produced about one-and-one-quarter barrels of oil per day. Investigator Weigand described these wells as very marginal producers. Investigator Weigand also advised me that, based on her 30 years of experience, these wells were not producing enough oil to generate a profit.

## SECURITIES AND EXCHANGE COMMISSION CASE

8. On January 4, 2010, I presented the records searches, the interview of Burud, and the interview with Investigator Weigland to Securities and Exchange Commission (SEC) Accountant Ty Martinez.

9. The SEC decided to open its own, separate investigation into Prosper Oil & Gas. I provided an open records request to the SEC, so that the SEC's findings may be shared with the USSS.

10. Accountant Martinez provided me with account numbers for over 40 business and personal bank accounts and credit cards related to Alan May, Benavidez, and Prosper Oil & Gas. From these 40 accounts, Accountant Martinez identified six main accounts that Prosper Oil & Gas had used to receive investor funds, receive oil and gas revenues, and

make payouts back to investors whom had invested with Prosper Oil & Gas. The six accounts are: Peoples State Bank of Kansas account #XXXX5800; Texas Capital Bank account #XXXXXX8897; Texas Capital Bank account #XXXXXX8574; Capital One Bank account #XXXXXX1640; Capital One Bank account #XXXXXX8926; and Capital One Bank account #XXXXXX8318.

11. Accountant Martinez provided me with a summary of the six accounts that he analyzed:

- Total amount of incoming investor funds: approximately $6,698,675.32
- Total amount of oil and gas revenue: approximately $440,830.98
- Total amount of investor distributions: approximately $1,217,155.64

12. In summary, Prosper Oil & Gas paid out to investors three times more than the oil and gas revenue that it had received. Accountant Martinez also found substantial payments to individuals identified as "employees" – Kathy Tyler (Alan May's mother), Lauren May (Alan May's daughter), Christopher May (Alan May's brother), and Kimberly Brooks (Alan May's ex-wife) – who do not appear to work at Prosper Oil & Gas. Accountant Martinez also found approximately $648,005.42 in payments for automobile and airplane purchases, payments, and expenses. Specifically, Accountant Martinez found two large wire transfers to Ewing Automats, which deals in high-end vehicles such as Mercedes and BMW.

13. On March 2, 2010, the SEC filed civil suit against Alan May and Prosper Oil & Gas in the Northern District of Texas, Dallas Division. United States District Judge Sam A. Lindsay ordered that Prosper Oil & Gas and any assets of Alan May be placed into receivership. Judge Lindsay appointed Kelly Crawford, a private attorney from the law firm of Sheiff & Stone, to serve as Receiver for Prosper Oil & Gas and Alan May's assets.

## PROSPER OIL & GAS CONTROLLER DAWN DANDRIDGE

14. On March 3, 2010, Prosper Oil & Gas Controller Dawn Dandridge agreed to an interview by SA Wanda Fuentes and I by verbally waiving her Miranda Rights. Dandridge stated she holds a B.A in accounting and a M.B.A. from Webster University and has had previous accounting work experience. Dandridge was hired by Prosper Oil & Gas in November 2009 in response to an Internet advertisement. Dandridge stated that she issued checks at Alan May's request to investors, employees, and other people who had no current employment relationship to Prosper Oil & Gas, including Alan May's mother, Benjamin Wilson (former employee/friend of Alan May), Robert Nourse (former land man), and Cody Bonham (Alan May's partner/personal assistant). Dandridge stated that investor checks often would bounce because Prosper Oil & Gas' oil and gas revenue did not meet its payouts.

15. Following my initial interview with Dandridge, she provided a written declaration to the SEC. In her declaration, Dandridge stated that Prosper Oil & Gas, as a matter of

Affidavit – Page 7

course, paid investors significantly more in distribution payments than it received in royalty income, and that Prosper Oil & Gas used investor funds to make up the difference between royalty income it received and the investor distributions it made. Dandridge also claimed that she believed Alan May intentionally directed Prosper Oil & Gas to use investor funds to pay investor distributions.

## COURT APPOINTED RECEIVER'S FINDINGS

16. On April 5, 2010, Receiver Kelly Crawford published his Preliminary Report to the Court. Crawford concluded that Prosper Oil & Gas sold investors mineral interests that it did not own; oversold to investors mineral interests that it did own; and grossly overstated production revenue in order to sell mineral interests.

## VICTIMS OF THE PROSPER OIL & GAS FRAUD -- INCLUDING JON POPE

17. Reviewing the investor analysis provided by Kelly Crawford and Account Martinez, I identified approximately 174 investors with Prosper Oil & Gas to date.

18. Investors were solicited to invest in Prosper Oil & Gas through classified advertisements Alan May placed in various business publications, including the Wall Street Journal and Barron's. The advertisements I reviewed contained a telephone number and email address utilized by Alan May.

19. From February 2010 to April 2010, I interviewed investors James Bradford, Peggy Hughes, Alan Auger, and Jon Pope; these individuals invested $10,000, $10,000, $29,500, and $141,500, respectively. These individuals received little or no returns on

their investments with Prosper Oil & Gas due to the fraudulent actions of Alan May. Each individual invested with Prosper Oil & Gas after receiving documentation regarding their oil royalty investment bearing the name of Alan May or Prosper Oil & Gas. Each investor was promised an investment return from Alan May and/or an employee of the company based off of operating revenue and not generated from other investor monies. Furthermore, one of the investors interviewed, Alan Auger, invested into the Coon Creek, Oklahoma lease, even though it turned out that Prosper Oil & Gas did not own the mineral interest rights it "sold" to Auger.

20. On January 26, 2010, SEC Accountant Martinez, SEC Attorney Jonathan Scott, USSS SA Finley, and I conducted a telephonic interview of Jon Pope, president of Peoples State Bank of Kansas and an investor with Prosper Oil & Gas.

21. Pope invested a total of $141,500 with Alan May between May 1, 2008, and December 31, 2008, through six wire transfers of funds. These transfers are detailed in paragraph 25, below. All the wire transfers were at the direction of Alan May, via email, telephone, or fax.

22. Pope stated that the money in his account was for retirement and he viewed the purchases with Alan May as a way to increase his retirement. One of the purchases Pope considered making was interests in oil wells located in Louisiana. In a May 5, 2008, email, Alan May retracted the sale of the Louisiana oil wells because he was "not comfortable with the productions of the wells." A subsequent interview with the Texas

State Securities Board revealed that Alan May never owned the rights to the Louisiana oil wells that he had proposed selling to Pope, and Alan May was sued by James Jones, the rightful owner, after Jones found out that Alan May had sold royalties from the Louisiana oil wells on Ebay.com without completing the purchase of the oil royalties from Jones.

23. Pope stated that he did receive approximately $20,000 in royalty checks. Pope stated that the checks would be mailed to him sporadically and only after he called Alan May or Prosper Oil & Gas demanding his royalty check. Pope stated that all the deed royalty records were signed by Alan May.

24. Pope provided the SEC with a written declaration and stated that Alan May told him that the source of the royalty payments Pope received from Prosper Oil & Gas was royalty income from oil and gas production. Alan May never told Pope that part or all of the payments Pope received from Prosper Oil & Gas came from funds that the company collected from other investors — not from oil and gas revenue. In addition, Pope detailed some of the "lulling" activities taken by Alan May, including excuses given by Alan May for non-payment of royalties:

    a. the oil-and-gas companies who were paying the royalties did so erratically;

    b. the oil-and-gas companies were cutting staff;

    c. Prosper moved offices and the royalty payment must have been set aside in the shuffle;

    d. Alan May had changed secretaries and she failed to send out the royalty payment;

  e. Alan May left others in charge and they failed to send out the royalty payment; and

  f. Alan May's daughter, Lauren, had became terminally ill in Boston (Lauren May is alive and well in Dallas).

25. The following table lists the investments made by Pope, via wire transfer, in the oil and gas royalties offered by Alan May and Prosper Oil & Gas. In actuality, as outlined above, Pope was "investing" in a Ponzi scheme orchestrated by Alan May in which investors were paid all or part of their "returns," if any, from funds received from other investors, rather than from the promised oil and gas revenues of Prosper Oil & Gas.

| WIRE DATE | LEASE/WELL PURCHASED | WIRE | WIRE FROM POPE'S ACCOUNT | WIRE TO ALAN MAY'S ACCOUNT |
|---|---|---|---|---|
| 5/1/2008 | A.W. Huff -1 | $17,500 | Peoples State Bank Account #1444 (Kansas) | E-Trade Account # 3672 (Virginia) |
| 5/2/2008 | Calhoun #2 | $15,000 | Peoples State Bank Account #1444 (Kansas) | E-Trade Account # 3672 (Virginia) |
| 6/3/2008 | Billeaud #1 | $12,500 | Peoples State Bank Account #1444 (Kansas) | Chase Bank Account #0028 (Texas) |
| 6/5/2008 | Vaughn Gas #1 | $9,000 | Peoples State Bank Account #1444 (Kansas) | Chase Bank Account #0028 (Texas) |
| 8/5/2008 | Shelton Gas | $37,500 | Peoples State Bank Account #1444 (Kansas) | Century Account #1650 (Texas) |
| 10/16/2008 | Sprayberry | $50,000 | Entrust IRA Account # 8062 (Colorado) | Bank of America Account # 1585 (Texas) |

      **TOTAL:**   **$141,500**

Affidavit – Page 11

26.     Based on the foregoing information, as well as previous training and experience, I believe there is probable cause to establish that on or about April 25, 2008 through on or about March 2, 2010, in the Dallas Division of the Northern District of Texas, the defendant, ALAN TODD MAY, did, with intent to defraud, devise a scheme to cause interstate wire transfers of monetary funds from victim Jon Pope's bank/brokerage accounts to bank/brokerage accounts controlled by defendant ALAN TODD MAY, in violation of 18 U.S.C § 1343.

_____
CHRISTOPHER S. WALKER
Special Agent
United States Secret Service

SUBSCRIBED AND SWORN TO BEFORE ME, this the 13th day of May, 2010.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

Affidavit – Page 12

# United States District Court

_____NORTHERN_____ DISTRICT OF _____TEXAS_____

UNITED STATES OF AMERICA

V.

ALAN TODD MAY

WARRANT FOR ARREST

CASE NUMBER: 3-10-MJ- 172

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ALAN TODD MAY

and bring him or her forthwith to the nearest magistrate to answer a

COMPLAINT

charging him with (brief description of offense):

Wire Fraud,

in violation of Title 18, United States Code, Section 1343.

| JEFF KAPLAN | United States Magistrate Judge |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| [signature] | May 13, 2010 at Dallas, Texas |
| Signature of Issuing Officer | Date and Location |

Bail fixed at $ _____ by _____
                                           Name of Judicial Officer

| RETURN |||
|---|---|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ |||
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

AO 442 (Rev. 12/85)  Warrant for Arrest